HALL, Judge.
Plaintiff sued his former wife to set aside a community property partition and settlement on the grounds of lesion beyond one-fourth under LSA-C.C. Arts. 1398 and 1861. After trial, the district court rejected plaintiff’s demands and he appealed. We affirm.
On the same day that a judgment of divorce was rendered dissolving the parties’ marriage, they entered into a community property settlement. Both parties were represented by competent counsel. Under the agreement, plaintiff received certain property and agreed to assume certain community debts. Defendant received property of greater value and assumed a greater portion of the community debts. Additionally, the agreement provided that plaintiff was released from any further liability or indebtedness to the mother of defendant for “monies loaned” to either or both parties during the marriage and defendant agreed to hold plaintiff harmless from payment of the indebtedness. The agreement also contained an acknowledgement by each party that the value received by each was equal.
The determination of whether or not the settlement agreement was lesionary depends on whether or not $57,000 advanced by the defendant’s mother to defendant and her husband during their marriage for the purpose of acquiring various homes were loans or gifts. If the amounts advanced which remained unpaid at the time of the divorce were loans, then the value received by the plaintiff by reason of the defendant’s assumption of that indebtedness makes the value received by each party in the settlement approximately equal. If the amounts advanced were gifts and the release of the indebtedness and the hold harmless clause were meaningless, then the value received by defendant exceeded that received by the plaintiff by more than one-fourth.
The evidence establishes that the amounts advanced were loans which defendant’s mother expected to be repaid. As plaintiff and defendant moved from city to city during their marriage, defendant’s mother and father, and the mother after the father’s death, advanced sums of money to be used as down payments on homes purchased by the parties. One advance of $4,000 was evidenced by a note and was repaid in full or substantially in full. Another advance of $12,000 was repaid. The last advance of $30,000 made to assist in the purchase of a home in Shreveport at a time when the parties had physically separated was evidenced by a note signed by the defendant. Both the defendant and her mother testified that the money was to be repaid. The plaintiff, although testifying that he never made any firm agreement to repay the money, never testified that the defendant’s mother characterized the advances as gifts or said that the money would not have to be repaid.
Probably the most convincing evidence supporting the trial court’s finding that the advances were loans is the community property settlement agreement itself. The clause in the agreement pertaining to these advances states:
*937 “VIRGINIA ELLEN FARRAR SCHUSTER does hereby agree that ROBERT LESLIE SCHUSTER shall be released from any further liability or indebtedness to the mother of VIRGINIA ELLEN FARRAR SCHUSTER for monies loaned to either or both parties during the marriage and shall hold him harmless from payment of same.”
The inclusion of the quoted clause in the agreement (obviously for the benefit and protection of plaintiff who was represented by counsel at the time), the reference to “monies loaned”, and the acknowledgement that the parties received property of equivalent value strongly indicate that the parties considered themselves indebted to defendant’s mother and that the amount of that indebtedness was considered in effecting a substantially equal partition of the community property.
Mobley v. Namie, 337 So.2d 306 (La.App.2d Cir. 1976), writ refused 339 So.2d 850 (La.1976), relied on by plaintiff, is distinguishable on its facts. There, the father of the wife sued his former son-in-law to recover monies advanced to the couple during their marriage. The trial court found that the sums advanced were loans and allowed recovery. This court reversed that decision largely on the basis of a letter written by the father-in-law to his son-in-law in which he stated that the son-in-law did not owe him one penny because the monies were advanced as an investment in his family future. It was held that the letter constituted a voluntary remission of the debt, assuming a debt existed. In the instant case, there is no such indication that the sums advanced by defendant’s mother did not give rise to an enforceable debt.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.